IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEQUAVA MATTHEWS, on behalf of herself and others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : : | FILED ELECTRONICALLY |
| v. | : : | ON NOVEMBER 18, 2022 |
| PHILADELPHIA CORPORATION FOR AGING, | : : : | CLASS/COLLECTIVE ACTION |
| Defendant. | : : : | JURY TRIAL DEMANDED |

# COMPLAINT – CLASS/COLLECTIVE ACTION

Nequava Matthews ("Plaintiff") brings this lawsuit against Philadelphia Corporation for Aging ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Philadelphia, PA (Philadelphia County).

5. Defendant is a corporate entity headquartered in Philadelphia, PA (Philadelphia

County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant contracts with the Commonwealth of Pennsylvania and/or the City of Philadelphia to provide, *inter alia*, an "Older Adult Protective Services (OAPS) team" that "helps to detect, prevent and protect older Philadelphians from all forms of abuse, including physical, sexual and psychological abuse; self-neglect or neglect by a caregiver; and financial exploitation."[1]

9. Defendant's OAPS team includes employees in the job title of "Investigator." These investigators are paid annual salaries ranging from approximately $45,000 - 53,000 and primarily are tasked with investigating reports of suspected abuse, neglect and financial exploitation of Philadelphians aged 60 and over.

10. Defendant, as a matter of policy, does not pay OAPS investigators any overtime wages for hours worked over 40 per week.

11. Plaintiff was employed by defendant as an OAPS Investigator from approximately January 2020 until approximately August 2021. She was paid an annual salary within the range described in paragraph 9.

12. Plaintiff, like other OAPS investigators, regularly worked over 40 hours per week. Specifically, Plaintiff often worked over 45 hours per week and, on some weeks, worked over 55 hours.

---

[1] https://www.pcacares.org/services/protection-advocacy/older-adult-protective-services/ (last visited 11/18/22).

13. Plaintiff, like other OAPS investigators, did not receive any overtime wages for hours worked over 40 per week.

14. Defendant's failure to pay overtime wages to Plaintiff and other OAPS investigators was undertaken willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions. *See, e.g.*, 29 C.F.R. § 541.3(b)(1) ("investigators" generally entitled to overtime wages under FLSA).

## CLASS/COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. She sues on behalf of all individuals employed by Defendant as OACS Investigators during any week within the past three years.[2]

16. Plaintiff's FLSA claim should proceed as a collective action because she and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

17. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

18. The class, upon information and belief, includes over 50 individuals, all of whom

---

[2] The PMWA carries a mandatory three-year limitations period. *See Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920, 925 n. 4 (W.D. Pa. 2011). The FLSA, meanwhile, carries a two-year limitations period that can be extended to three-years in the event of a "willful" FLSA violation. *See* 29 U.S.C. § 216(b). The ultimate determination of whether Defendant "willfully" violated the FLSA must await discovery. *See Jones v. Giant Eagle, Inc.*, 2019 WL 5073661, 2019 U.S. Dist. LEXIS 142135, *14-15 (W.D. Pa. Aug 20, 2019); *Rapczynski v. DIRECTV, LLC*, 2016 WL 1071022, 2016 U.S. Dist. LEXIS 34833, *19-21 (M.D. Pa. Mar. 17, 2016); *see, e.g.*, *Souryavong v. Lackawanna County*, 872 F.3d 12, 126-27 (3d Cir. 2017) (finding lack of willfulness based on post-discovery summary judgment record).

are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

19. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

20. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

21. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

22. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

23. All previous paragraphs are incorporated as though fully set forth herein.

24. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

25. Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime wages for all hours worked over 40 per week.

26. In violating the FLSA, Defendant acted willfully and with reckless disregard of

clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

27. All previous paragraphs are incorporated as though fully set forth herein.

28. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

29. Defendant violated the PMWA by failing to pay Plaintiff and the Rule 23 class overtime wages for all hours worked over 40 per week.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date:  November 18, 2022              Respectfully,

_____
Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiff's Counsel*

5

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_Nequava Matthews_
Signature

_Nequava Matthews_
Print Name