IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| NEQUAVA MATTHEWS, on behalf of herself and others similarly situated, | : : : | 2:22-cv-04632-JFM |
| Plaintiff, | : |  |
| v. | : : |  |
| PHILADELPHIA CORPORATION FOR AGING, | : : |  |
| Defendant. | : : |  |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
<u>THEIR MOTION FOR CONDITIONAL CERTIFICATION</u>**

Having moved for "conditional certification" of the FLSA collective, *see* DI 19-20, and reviewed Defendant's opposition, *see* DI 33, Plaintiffs reply as follows:

**A. Defendant exaggerates the burden of proof applicable to FLSA conditional certification motions.**

In *Symczyk v. Genesis Healthcare Corporation*, 656 F.3d 189 (3d Cir. 2011), the Third Circuit adopted a "modest factual showing" standard for reviewing FLSA conditional certification motions. *See id.* at 192-93. The Court defined the "modest factual showing" standard as follow: ***"Under the 'modest factual showing' standard, a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees***." *Id.* at 193 (emphasis supplied; internal citations omitted). Since 2011, the Third Circuit has repeated the above rule at least three times. *See Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 123 n. 1 (3d Cir. 2018); *Halle v. West Penn Allegheny Health System*, 842 F.3d 215, 224 (3d Cir. 2016); *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 n. 4 (3d Cir. 2012).

Defendant's opposition to conditional certification fails to apply the above rule. For

example, citing to a decision styled *Boes v. Applied Analysis Corp.*, 2020 WL 1526635, 2020 U.S. Dist. LEXIS 55111, (E.D. Pa. Mar. 30, 2020), Defendant writes:

> The Third Circuit has identified several relevant factors to determine whether a plaintiff can certify a collective action. [*Boes*, 2020 WL 1526635, at *2]. "Those relevant factors are whether the putative plaintiffs: (1) are employed in the same department, division, and location; (2) advance similar claims; (3) seek substantially the same form of relief; and (4) have similar salaries and circumstances of employment." *Id.*

DI 33 at ECF p. 14. This is mistaken. The four-factor analysis referenced by Defendant does not apply to pre-discovery conditional certification motions. Rather, as clearly explained by the Third Circuit, the four-factor analysis applies to the *post-discovery* "decertification" stage of an FLSA action. *See Zavala*, 691 F.3d at 536-37.[1]

Moving on, Defendant's brief repeatedly overstates Plaintiffs' burden at the pre-discovery conditional certification stage. Here are some examples:

- "At the first stage or 'notice stage,' the court determines whether the plaintiffs are 'similarly situated,' if the case is manageable as a collective action, . . . ." DI 33 at ECF p. 10;

- "Plaintiffs must establish the basis of a common policy that violates the FLSA to show that Potential Members are similarly situated . . . ." *Id.* at ECF p. 11;

- "Plaintiffs have not demonstrated that the Potential Plaintiffs are similarly situated, or that PCA maintains a common policy that violates the FLSA." *Id.*;

- "Simply put, Plaintiffs have not demonstrated that they could prove their claims using common or uniform proof." *Id.* at ECF pp. 11-12;

- "Thus, even at the conditional certification stage, Plaintiffs must show that their claims are susceptible to representative proof. In other words, Plaintiffs must identify the factual or legal nexus that binds the various claims together and makes adjudication possible on a collective-wide basis." *Id.* at ECF pp. 13.

---

[1] *See, e.g., Carr v. Flowers Foods, Inc.*, 2019 WL 2027299, 2019 U.S. Dist. LEXIS 77541, *12-13 (E.D. Pa. May 8, 2019) (applying *Zavala* factors at decertification stage); *Galdo v. PPL Electric Utilities Corp.*, 2016 WL 454416, 2016 U.S. Dist. LEXIS 14045, *2-3 (E.D. Pa. Feb. 5, 2016) (same); *Martin v. Citizens Financial Group, Inc.*, 2013 WL 1234081, 2013 U.S. Dist. LEXIS 43084, *8 (E.D. Pa. Mar. 27, 2013) (same).

- "If Plaintiffs cannot show that they can rely on common evidence to prove their collective-wide claims, conditional certification would not advance the goal of promoting judicial economy." *Id.*;

- "Hence, this Court should consider whether ultimate proof of the merits will require such individualized testimony so as to make the case unfair or unmanageable if adjudicated on a collective-wide basis." *Id.* at ECF pp. 14-15.

All of the above passages invite the Court to expand the conditional certification analysis well beyond the pertinent inquiry of determining whether Plaintiffs have "produce[d] some evidence beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk*, 656 F.3d at 193.

### B. Conditional certification is justified based on common facts that Defendant does not oppose.

In moving for conditional certification, Plaintiffs – operating in the absence of any discovery – present the Court with evidence that they all held the OAPS Investigator position; that a common job description applies to the OAPS Investigator position; that all OAPS Investigators receive common training; that a common set of written policies applies to OAPS Investigators' work; that all OAPS Investigators are paid salaries; that OAPS Investigators often work over 40 hours per week; and that OAPS Investigators do not receive overtime wages for hours worked over 40 per week.  *See* DI 20 at ECF pp. 8-10 (summarizing Plaintiffs' evidence).

Defendant's opposition does not deny any of Plaintiffs' common evidence.  *See generally* DI 33.  In fact, Defendant's brief contains some passages that bolster Plaintiffs' general assertions.  For example, Defendant explains that "OAPS Investigators' qualifications, training requirements, and general job duties are enshrined in state regulations applicable to all AAAs in Pennsylvania and under the Older Adults Protective Services Act (the OAPSA')."  *Id.* at ECF p.

6. Defendant also concedes that "Plaintiffs and the Potential Members share the same job title and 'general' job functions." *Id.* at ECF p. 21.

The above evidence is all that is required at the conditional certification stage because, as explained in Plaintiffs' opening brief, such common evidence constitutes "some evidence 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk*, 656 F.3d at 193.

### C. Defendant cannot defeat conditional certification based on its vague and undefined defense that OAPS Investigators are "exempt" from the FLSA's overtime pay mandate.

The FLSA exempts from its overtime-pay mandate various types of jobs. *See generally* 29 U.S.C. § 213. These overtime exemptions are affirmative defenses that must be pled and proven by the employer. *See Johnson v. Mattress Warehouse, Inc.*, 2020 WL 2839109, 2020 U.S. Dist. LEXIS 95192, *5-7 (E.D. Pa. June 1, 2020); *Mazzarella v. Fast Rig Support, LLC*, 2014 WL 2861027, 2014 U.S. Dist. LEXIS 84947, *8 (M.D. Pa. June 23, 2014).

In answering the instant complaint, Defendant does not formally assert an affirmative defense that Plaintiffs are "exempt" from the FLSA's overtime pay mandate. *See* DI 10 at ECF pp. 9-16. However, at several points in its answer, Defendant states: "Inasmuch as OAPS Investigators are properly classified as exempt employees by virtue of their job duties and compensation, OAPS Investigators are ineligible for overtime pay as a matter of law." *See id.* at ECF pp. 4-5. No further specifics are provided.

Notwithstanding its vague pleading, Defendant now makes the purportedly "exempt" status of OAPS Investigators the centerpiece of its opposition to conditional certification. *See generally* DI 33. According to Defendant, a determination of each OAPS Investigator's

4

overtime-exempt status requires an individualized assessment of each Investigator's duties and functions within Defendant's OAPS Department. *See id.* In discussing these *intra*-job-title differences, Defendant even invents the *faux* job titles of "Intermediate OAPS Investigator" and "Final OAPS Investigator." *See id.* at ECF pp. 8 n.1.

But Defendant *still* fails to disclose which of the FLSA's many overtime exemptions it relies upon. We're all left guessing. Thus, **even if** it were appropriate to inquire into the inner-workings of Defendant's OAPS Department at the pre-discovery conditional certification stage of this litigation – and, make no mistake, such an inquiry is not appropriate – Defendant's presentation of *intra*-job-title differences amongst OAPS Investigators has no relevance to this lawsuit unless and until we know which specific FLSA exemption Defendant intends to invoke.

Suppose, for example, that Defendant intends to claim that OAPS Investigators fall within the FLSA's "Executive" exemption, which applies to certain salaried "management" employees. Under such circumstances, Defendant would bear the burden of proving each of the following requirements: (i) that Investigators' "primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;" (i) that Investigators' "customarily and regularly direct[]the work of two or more other employees;" and (iii) that Investigators' have "the authority to hire or fire other employees or [make] suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees [which] are given particular weight." 29 C.F.R. § 541.100(a)(2)-(4). Yet, the declarations submitted by Defendant are entirely irrelevant to these particular requirements; they say almost nothing about Investigators' managerial or supervisory responsibilities. *See* DI 33-1 and 33-2. Thus, if Defendant intends to invoke the FLSA's Executive exemption, then its evidence opposing conditional certification is inconsequential.

Regardless of the "stage" of this FLSA litigation, purported differences amongst putative collective members are material *only if* they might impact the resolution of a material issue that actually will be litigated. All employee populations – including those falling within common job titles – are riddled with differences. But it does not follow that that every difference is material.

Here, Defendant utterly fails to explain how the purported *intra*-job-title the differences referenced in its declarations bear any relationship to a specific overtime exemption that actually will be litigated in this lawsuit. This is fatal to its argument.[2]

**D. Defendant's "exemption" argument is otherwise misplaced.**

Even if Defendant were to invoke a specific FLSA exemption, conditional certification would still be warranted. This is so for various reasons:

<u>First</u>, Defendant's argument that determining any OAPS Investigator's "exempt" status requires a highly "individualized" analysis is contradicted by its admitted, across-the-board business practice of classifying every OAPS Investigator as overtime-exempt regardless of his/her individual circumstances. *See* DI 20 at ECF pp. 14-15 (citing cases); *accord Shiptoski v. SMG Group, LLC*, 2018 WL 11484967, 2018 U.S. Dist. LEXIS 16687, *6-7 (M.D. Pa. Jan. 31, 2018) (conditional certification justified by "evidence that all prospective class members were harmed by SMG's alleged practice of misclassifying all salaried store managers as overtime exempt").

<u>Second</u>, Defendant is mistaken to suggest that "individualized" defenses cannot be litigated in FLSA collective actions. Recently, in *Fisher v. Federal Express Corp.*, 42 F.4th 366 (3d Cir. 2022), the Third Circuit explained that "defendants in an FLSA collective action retain

---

[2] Indeed, in almost all of the opinions referenced in Defendant's brief and concerning employees classified as overtime-exempt, the evidence is viewed in the context of the specific FLSA exemption at issue in the lawsuit.

6

the ability to assert 'highly individualized' defenses with respect to each of the opt-in plaintiffs." *Id.* at 377. In support of this observation, the Court relied upon various decisions in which FLSA collective actions proceeded notwithstanding individualized defenses. *See id.*

Third, in other FLSA actions in which employers classify workers as exempt from or otherwise ineligible for overtime wages, Pennsylvania district courts repeatedly reason that the employer's purportedly "individualized" evidence is properly considered at the post-discovery "decertification" stage. As Judge Connor explained in conditionally certifying a collective of retail store managers who were classified as overtime-exempt, "detailed analysis of whether each operations manager . . . is similarly situated should not be undertaken at the conditional certification stage." *Given v. Love's Travel Stops & Country Stores, Inc.*, 2018 WL 925996, 2018 U.S. Dist. LEXIS 25600, *4 n.3 (M.D. Pa. Feb. 16, 2018); *see also Siguenza v. Bayview Asset Management, LLC*, 2015 WL 3818739, 2015 U.S. Dist. LEXIS 78929, *4 (E.D. Pa. June 17, 2015) ("We will later determine whether the opt-in plaintiffs are in fact 'similarly situated' to the named plaintiffs."); *Drummond v. Herr Foods Inc.*, 2015 WL 894329, 2015 U.S. Dist. LEXIS 25302, *8-9 (E.D. Pa. March 2, 2015) (individualized issues "best left for the second stage"); *accord Kerin v. Toms King, LLC*, 2021 WL 1176097, 2021 U.S. Dist. LEXIS 58933, *23 (W.D. Pa. Mar. 29, 2021) *Fitch v. Giant Eagle, Inc.*, 2021 WL 704147, 2021 U.S. Dist. LEXIS 33416, *9 (W.D. Pa. Feb. 23, 2021); *Caddick v. Tasty Baking Co.*, 2020 WL 419458, 2020 U.S. Dist. LEXIS 14716, **6 (E.D. Pa. Jan. 24, 2020); *Rood v. R&R Express, Inc.*, 2019 WL 5422945, 2019 U.S. Dist. LEXIS 183274, *9 (W.D. Pa. Oct. 23, 2019); *Carr v. Flowers Foods, Inc.*, 2017 U.S. Dist. LEXIS 11347, *11 n. 3 (E.D. Pa. Jan 27, 2017); *Stallard v. Fifth Third Bank*, 2013 U.S. Dist. LEXIS 186531, *9-10 (W.D. Pa. Dec. 12, 2013); *Hively v. Allis-Chalmers Energy, Inc.*, 2013 WL 5936418, 2013 U.S. Dist. LEXIS 158415, *18 (W.D. Pa. Nov.

5, 2013); *Craig v. Rite Aid Corp.*, 2009 WL 4723286, 2009 U.S. Dist. LEXIS 114785, *12 (M.D. Pa. Dec. 9, 2009); *Goldman v. RadioShack Corp.*, 2003 WL 21250571, 2003 U.S. Dist. LEXIS 7611, *27 (E.D. Pa. Apr. 17, 2003).

### E. The purported "individualized" evidence presented by Defendant is unsurprising and insignificant in comparison to other cases that have achieved conditional certification.

Defendant confirms that all the OAPS Investigators worked in the Philadelphia area and were assigned to the OAPS Department. DI 33 at ECF p. 7. Defendant also admits that "OAPS Investigators' qualifications, training requirements, and general job duties are enshrined in state regulations applicable to all AAAs in Pennsylvania and under the Older Adults Protective Services Act (the OAPSA')," DI 33 at ECF p. 6, and "share the same job title and 'general' job functions," *id.* at ECF p. 21.

Defendant also contends that OAPS Investigators can perform different standardized functions within the OAPS Department and that the "life cycle" of the Department's investigations follow a standardized process. *See id.* at ECF pp. 6-10. But that's not unusual. Most job positions entail a variety of responsibilities within an organizational structure. For example: licensed practical nurses (LPNs) can be assigned to various units (*e.g.*, emergency room; post-op; pediatric care) within a hospital; police officers can be assigned to various roles (*e.g.*, homicide investigation; SWAT; traffic control) within a police department; chicken processing workers can be assigned to various "lines" (*e.g.*, hanging; evisceration; deboning; packing) within the plant. Indeed, virtually every job can be broken down into distinct functions that carry distinct responsibilities. But that does not mean the FLSA's applicability cannot be determined in a more generalized manner. Indeed – to prove the point – Defendant's own decision-makers took a generalized approach when they uniformly classified *all* OAPS

Investigators as overtime-exempt.

Moreover, the putative collective in this lawsuit is far more compact, homogeneous, and manageable than the collectives conditionally certified in other cases. *See*, *e.g.*, *Given, supra* (operations managers classified as overtime-exempt at truck stops throughout United States); *Craig*, *supra* (assistant store managers classified as overtime-exempt at drug stores throughout United States); *Goldman*, *supra* (salaried store managers classified as overtime-exempt at electronics stores throughout United States). Here the geographic and organizational reach of Plaintiffs' FLSA claim is especially limited.

### F.  Defendant's case citations are unpersuasive.

Defendant's opposition brief compares the instant action to six district court opinions in which claims of "exemption misclassifications under the FLSA" have not achieved conditional certification due to "individualized" evidence. *See* DI 33 at ECF pp. 19-21. One decision – *Clarke* (W.D. Tx.) – is decided under Fifth Circuit law that flatly contradicts *Symczyk*. With respect to the other five decisions, Plaintiffs submit the following:

*Bamgbose* (E.D. Pa.) did not involve employees' "exempt" status. Rather, the case concerned the "employment" status of a nationwide collective of purported "independent contractors" who worked through companies that were purported "joint employers" with the defendant. The decision pre-dates *Symczyk*, was decided based on a mature discovery record, and has virtually nothing in common with the instant action.

*Bramble* (E.D. Pa.) was filed by two plaintiffs who, based on virtually no evidence, sought to conditionally certify a nationwide collective covering "at least 5,588 persons from over 3,500 stores throughout the United States." 2011 U.S. Dist. LEXIS 39457, at *3 n.3. The decision has been found to be "unpersuasive" where, as here, the plaintiffs seek conditional

certification of more modest collectives.  *See Hively*, 2013 U.S. Dist. LEXIS 158415, at *15-16.

*Skaggs* (M.D. Pa.) and *Kane* (M.D. Pa.) also concerned putative collectives that would have included individuals employed at hundreds of separate locations throughout the United States.  Both cases involved extensive discovery records manifesting material differences amongst the employees.  Indeed, the discovery records were so extensive that Judge Wilson found an "intermediate standard" to be warranted in the first instance.  These decisions have virtually nothing in common with the instant action.

Finally, *Babin* (E.D. Pa.) concerned a plaintiff who pursued a nationwide collective covering different types of "designers" in offices located throughout the United States. Plaintiff's conditional certification motion failed due to the plaintiff's profound lack of evidence or knowledge of the work of designers assigned outside of his home office.

In sum, the instant action – which concerns the classification of OAPS Investigators working within the Philadelphia-area OAPS Department – has virtually nothing in common with the scenarios in the cases referenced in Defendant's opposition brief.

**WHEREFORE**, Plaintiffs respectfully ask the Court to grant their conditional certification motion.

Date:  March 27, 2023

Respectfully,

Peter Winebrake
Mark J. Gottesfeld
Michelle L. Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
*For Plaintiffs*

10