IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEQUAVA MATTHEWS, on behalf of herself and others similarly situated,<br>　　　　　　　　　　Plaintiff,<br>　　v.<br>PHILADELPHIA CORPORATION FOR AGING,<br>　　　　　　　　　　Defendant. | 2:22-cv-04632-JFM |

## JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) and Judge Murphy's policies and procedures, the parties have thoroughly discussed a discovery plan and provide the following report:

**I.　Counsel**

**A.　Lead counsel for plaintiffs:**　　Peter Winebrake
　　　　　　　　　　　　　　　　　　Winebrake & Santillo, LLC
　　　　　　　　　　　　　　　　　　715 Twining Road, Suite 211
　　　　　　　　　　　　　　　　　　Dresher, PA 19025
　　　　　　　　　　　　　　　　　　(215) 884-2491

**B.　Lead counsel for defendant:**　　Gerald L. Maatman, Jr.
　　　　　　　　　　　　　　　　　　Duane Morris LLP
　　　　　　　　　　　　　　　　　　190 South LaSalle Street, Suite 3700
　　　　　　　　　　　　　　　　　　Chicago, IL 60603-3433
　　　　　　　　　　　　　　　　　　 (312) 499-6700

**C.　All counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):**

Peter Winebrake
Mark J. Gottesfeld
Michelle L. Tolodziecki

**D.　All counsel who participated in Rule 26(f) conference on behalf of Defendant(s):**

Gerald L. Maatman
Elisabeth Bassani

## II.     Description of claims and defenses

**Claims.**  Originating Plaintiff Nequava Matthews and four additional opt-in plaintiffs (together "Plaintiffs") were employed by Philadelphia Corporation for Aging ("Defendant") as OAPS Investigators ("Investigators").  Plaintiffs and other Investigators were paid salaries and did not receive any overtime wages for hours worked over 40 per week.  In this lawsuit, Plaintiffs contend that Defendant's failure to pay overtime wages violates the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").  The FLSA claim is asserted as a "collective action" under 29 U.S.C. § 216(b), while the PMWA claim is asserted as a "class action" under Federal Rule of Civil Procedure 23.  Our Court of Appeals has explained that FLSA collective actions and Rule 23 class actions can proceed together in the same lawsuit.  *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

As indicated in the "Defenses" section below, Defendant asserts that plaintiffs and other Investigators are not entitled to overtime wages because they are "exempt from overtime under the FLSA's and PMWA's administrative exemption and/or professional exemption."  Plaintiffs will argue that Defendant cannot satisfy its burden of proving the applicability of such exemptions.

If Defendant fails to prove the applicability of an overtime exemption, the factfinder will need to determine the extent to which plaintiffs and other Investigators worked overtime.  Plaintiffs suspect that Defendant – having paid Investigators salaries and classified them as overtime-exempt – does not maintain timekeeping records demonstrating each Investigator's weekly work hours.  If so, Plaintiffs will merely be required to prove their overtime hours "as a matter of just and reasonable inference."  *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 456 (2016) (internal quotation omitted).

If Plaintiffs and other Investigators are fortunate enough to prevail, they will seek the following damages under both the FLSA and PMWA: unpaid overtime wages, prejudgment interest, reasonable attorney's fees, and reasonable litigation costs.  In addition, Plaintiffs and other Investigators will seek liquidated damages, which are available under the FLSA but not the PMWA.  *See Williams v. Tri-County Growers Inc.*, 747 F.2d 121, 128-29 (3d Cir. 1984) (discussing liquidated damages standard).

**Defenses.**  Named Plaintiff Nequava Matthews – a former employee of Defendant Philadelphia Corporation for Aging ("PCA" or "Defendant") – alleges that employees in the OAPS Investigator I and OAPS Investigator II positions (together, "OAPS Investigators") were improperly classified as exempt from the overtime requirements under the Fair Labor Standards Act ("FLSA") and Pennsylvania Minimum Wage Act ("PMWA").  Matthews and four opt-ins (together, "Plaintiffs") seek to represent all individuals employed by PCA as OAPS Investigators during any week with the past three years. (Complaint at ¶ 15).  As detailed in Defendant's Opposition to Plaintiffs' Motion for Conditional Certification, Defendant denies that this action is suitable for class or collective action treatment.

Furthermore, Defendant has complied with all relevant provisions of the FLSA and PMWA.  PCA properly classifies the OAPS Investigator position as exempt from overtime under the FLSA's and PMWA's administrative exemption and/or professional exemption.  OAPS

Investigators generally have and utilize degrees in social work or a related field of study, and exercise discretion and independent judgment in the life and death situations that they encounter. Defendant reserves the right to amend and/or supplement these defenses in the future as may be necessary or appropriate.

### III.  Stipulated facts and insurance coverage and deductibles

**Stipulated Facts**

The parties stipulate to the following:

- This Court has subject matter jurisdiction over this action.

- Venue is proper in this Court.

- Plaintiffs were employed by Defendant as OAPS Investigators and were classified Defendant as "exempt" from the FLSA's and PMWA's overtime pay mandates.

- Defendant is an employer under the FLSA and PMWA.

**Insurance Coverage**

Defendant represents that there is no applicable insurance coverage.

### IV.  Anticipated scope of discovery

**A.  Summarize with specificity those issues on which the parties will need to conduct discovery. Identify categories of information each party needs in discovery and why.**

**Plaintiffs:**  Plaintiffs anticipates that they will serve written discovery on Defendant concerning, among other things, Defendant's timekeeping and pay policies and procedures; Defendant's decision to classify the Investigator position as overtime-exempt; payroll and time records of class and collective members; and other documents pertaining to the duties, responsibilities, and work hours of class/collective members.  Plaintiffs also anticipate taking deposition testimony of corporate and managerial employees of Defendant's related to the same topics.
In addition, if the Court grants Plaintiffs' pending conditional certification motion, Plaintiffs reserves the right to oppose Defendant's efforts to obtain "individualized" discovery from every individual who opts-in to the FLSA collective.  Plaintiffs submit that the propriety of individualized discovery cannot be assessed until after the FLSA notice process is complete and the size of the collective is known to all parties' counsel.  Plaintiffs' counsel will work diligently with defense counsel to try to amicably resolve any disputes regarding the propriety and scope of individualized discovery.

**Defendant:**  In light of Plaintiffs' allegations that they were not paid for all time worked, Defendant will require evidence from Plaintiffs regarding each instance they contend they

worked overtime and were not properly compensated.  Defendant will also require evidence from Plaintiff, and other opt-ins, regarding their job duties and responsibilities as OAPS Investigators.

    **B.**    **Anticipated number of interrogatories per party:**

> **Plaintiffs**  Up to 25 on behalf of class/collective; up to 10 per individual plaintiff if "individualized" discovery is agreed upon or ordered by the Court.
>
> **Defendant**  Up to 25 directed to the Named Plaintiff and up to 25 directed to each opt-in plaintiff.

    **C.**    **Anticipated number of depositions per party:**

> **Plaintiffs**  Up to 12.
>
> **Defendant**  Up to 12.

    **D.**    **Do the parties anticipate the need for any agreements on remote deposition protocols?**

No.

    **E.**    **To the extent either party proposes to exceed the presumptive limits in the Federal Rules for discovery, explain the basis for that proposal.**

N/A.

    **F.**    **Do the parties anticipate the need for a Fed. R. Evid. 502(d) order?**

No.  However, the parties' anticipated confidentiality agreement may contain a provision addressing the non-waiver of privileged documents inadvertently produced.

    **G.**    **Do the parties anticipate the need for any third-party discovery?  If so, identify the likely third parties and the discovery to be sought.**

Plaintiffs may seek third-party discovery from the Commonwealth of Pennsylvania.

    **H.**    **Do the parties anticipate the need for experts?  If so, identify the subjects on which the expert(s) may opine.  Be sure to point out whether defendant(s) will be advancing experts on affirmative issues, or only in response to plaintiff(s) experts.   State whether expert depositions will be taken, and if so, an agreement or positions on how many will be required.**

Plaintiffs anticipate retaining a data analyst/statistician for purposes of determining the unpaid overtime wages and liquidated damages associated with a range of average weekly overtime hours.  Such analysis generally consists of manipulating electronic payroll and timekeeping data produced by the employer.

    Plaintiffs' counsel do not consider such analysis to constitute "expert opinion." However, in wage and hour litigation, such analysis is sometimes accompanied by an "expert report." Here, Plaintiffs will produce any such analysis to defendant prior to the close of fact discovery.

    At this time, Defendant does not anticipate the use of expert testimony, but reserves the right to engage experts should discovery reveal the need for experts.

**I.** **Does the plaintiff expect to request attorneys' fees as a prevailing party, either pursuant to a contract or a statute? If so, state the basis for the expected request.**

    Yes, pursuant to 29 U.S.C. § 216(b) and 43 P.S. § 333.113.

**J.** **Has each party provided written notice to the client of the obligation to preserve all relevant material, including electronic records?**

    **Plaintiffs** Yes.

    **Defendant** Yes.

## V. Status of discovery

Plaintiffs served Defendant with automatic disclosures, interrogatories, document requests on February 27, 2023. Defendant has not yet responded to the interrogatories or document requests.

Defendant served Plaintiffs with initial disclosures on March 28, 2023. Defendant is preparing to serve Plaintiffs with interrogatories and document requests by April 6, 2023.

## VI. Proposed case management deadlines

**A.** **Rule 26(a)(1) initial disclosures.** N/A.

**B.** **Deadline to amend pleadings to add claims or parties (must be as early as practicable to avoid prejudice or unnecessary delays):** May 31, 2023.

**C.** **Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any):** 120 calendar days after Court's resolution of Plaintiffs' pending conditional certification motion.

**D.** **Deadline for rebuttal expert reports (if any):** 150 calendar days after Court's resolution of Plaintiffs' pending conditional certification motion.

**E.** **Deadline(s) to complete fact/expert discovery:** 180 calendar days after Court's resolution of Plaintiffs' pending conditional certification motion.

5

    **F.**    **Provide an explanation for the position of the parties on whether expert discovery will run concurrently with fact discovery or be sequenced after fact discovery.**

        Expert discovery should run concurrently with fact discovery because, as noted in Section IV.H, the anticipated "expert" report will merely analyze electronic timekeeping and payroll data.

    **G.**    **If any party seeks more than 120 days for discovery, explain why.**

        The potential scope of the FLSA claim will not be known until after the Court resolves Plaintiffs' pending conditional certification and, if the motion is granted, the notice/opt-in process is complete. Meanwhile, the scope of the PMWA claim will not be known until after the Court resolves Matthews' anticipated class certification motion (the deadlines for which usually coincide with any "second-stage" certification motion associated with the FLSA claim).

    **H.**    **Deadline to file motion for summary judgment:** **<u>Plaintiffs' Position:</u>** Due to the "rule against one-way intervention," plaintiffs request that the Court defer the summary judgment deadline until 60 days after its resolution of Matthews' anticipated class certification motion. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057-58 (7th Cir. 2016) (discussing rule against one-way intervention). **<u>Defendant's Position:</u>** Defendant agrees with Plaintiffs' position.

**VII.**    **Electronic discovery**

The parties anticipate that pertinent ESI is most likely to be limited to emails and electronically-stored timekeeping and payroll data. The parties will meet and confer to attempt to resolve any disputes pertaining to the scope and format of any ESI discovery.

**VIII.**    **Protective orders and confidentiality agreements**

The parties anticipate entering into a limited confidentiality agreement that protects from disclosure, for example, documents/data pertaining to individual employee's personal payroll information and other private information. The parties have not yet agreed upon a proposed protective order but will work cooperatively to negotiate such a proposed order that complies with the Court's Individual Practices and Procedures.

**IX.**    **Alternative dispute resolution**

    **A.**    **Have the parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not**.

        No. All parties agree that settlement discussions would be premature at this stage of the litigation.

    **B.**    **Have the parties explored or considered other forms of alternative dispute resolution?  If so, summarize those efforts.  If not, state the parties' positions with respect to ADR, as required under Local Rule 53.3.**

        The parties recognize that settlement discussions *might* be appropriate at a later stage of this litigation.  At such time, the parties probably would retain a private mediator to assist with settlement negotiations.

    **C.**    **Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.**

        Plaintiffs – Pete Winebrake; Mark Gottesfeld

        Defendant – Gerald Maatman; Elisabeth Bassani

**X.**    **Consent to send case to a Magistrate Judge**

The parties have not agreed to consent to a Magistrate Judge conduct any, or all, proceedings in this case.

**XI.**    **Service by electronic means**

The parties consent to service of pleadings and discovery via email per Rule 5(b)(2)(E).

**XII.**    **Policies and procedures**

Judge Murphy's policies and procedures are available for the parties to review on the Court's website. By signing below, counsel for each party and/or each *pro se* party represents that he or she has reviewed the Judge's policies and procedures and acknowledges the requirements contained therein.  The parties and their counsel further acknowledge by signing below that Judge Murphy may strike pleadings and other submissions that do not comply with his policies and procedures.

**XIII.**    **Other matters**

N/A.

Dated:  April 4, 2023                      **FOR PLAINTIFFS:**

                                                */s/ Peter Winebrake*
                                                Peter Winebrake
                                                Winebrake & Santillo, LLC
                                                715 Twining Road, Suite 211
                                                Dresher, PA 19025
                                                (215) 884-2491

**FOR DEFENDANT:**

*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701
gmaatman@duanemorris.com