IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEQUAVA MATTHEWS | : | CIVIL ACTION |
| | : | |
| v. | : | NO.   22-4632 |
| | : | |
| PHILADELPHIA CORPORATION FOR AGING | : : | |

# MEMORANDUM

**MURPHY, J.**                                                                                              June 7, 2023

### I.     Introduction

This is a case, in part, about overtime wages under the Fair Labor Standards Act ("FLSA").  Plaintiffs seek to bring a collective action against their employer to recover unpaid overtime wages, and they wish to inform other employees, past and present, of their right to join the suit.  To conform to the statutory provisions allowing for the addition of these new employees, plaintiffs now move for conditional certification of their proposed collective, arguing that they have cleared the low evidentiary bar required to achieve it.  For the reasons discussed below, we agree.  Plaintiffs will now enjoy the right to notice other employees, grow the collective, and take discovery.  But plaintiffs must be prepared to meet a higher evidentiary standard after discovery, or else risk decertification of the provisional collective.

### II.    Factual Allegations

Defendant Philadelphia Corporation for Aging ("defendant") contracts with the Commonwealth of Pennsylvania and the City of Philadelphia to "detect, prevent, and protect older Philadelphians" from abuse, neglect, and exploitation.  DI 1 ¶ 8.  To support its efforts, defendant employs a specialized team of Older Adult Protective Services Investigators ("investigators") to evaluate reports of suspected elder misconduct.  *Id.* ¶¶ 8, 9.  According to

defendant's standardized job description, the functions of an investigator include: care planning, case management, financial affairs management, mental health assessment, emergency intervention, documentation, referral to and coordination with law enforcement and state agencies, court testimony, and public outreach.  DI 20 at 9; 19-4 at 2.  To qualify for the position, investigators must hold a bachelor's degree in "social work or related social science" and must have at least "three years' experience in direct services."  DI 19-4 at 2.  They earn annual salaries between $45,000 and $53,000.  DI 1 ¶ 9.

Once employed, investigators must attend mandatory orientations, trainings, and in-services.  DI 19-4 at 2.  Investigators, like all defendant's employees, adhere to conduct, dress, and professional development rules set forth in a company-wide "Personnel Policies and Procedures Handbook."  DI 19-5 at 42-45; 116-123; 154, 156-57.  Unique to the investigator position, though, are a series of written policies governing the performance and supervision of their job.  DI 19-6; 19-7.  Further, investigators advance through discrete rungs on a "career ladder matrix" and are evaluated on standardized forms.  DI 19-5 at 126-27; 159.  Though investigators "regularly work[] over 40 hours per week," defendant categorically does not pay them overtime wages.  *Id.* ¶ 10.

Defendant's overtime policy as it applies to investigators prompted this suit.  Originating plaintiff Nequava Matthews was an investigator, frequently worked between 45 and 55 hours per week, and did not receive overtime wages.  DI 19 at 2-3.  Additional opt-in plaintiffs Tia Marie Kelly, Sharena Williams, and Jasmine Wilson[1] allege that they typically worked over 40 hours per week as investigators without overtime compensation, just like plaintiff Matthews.  *Id.* at 3.

---

[1] We refer to the originating and opt-in plaintiffs together as "plaintiffs."

2

Plaintiffs maintain that they, together with the proposed collective, are entitled to overtime wages under the FLSA.  DI 1 ¶ 14.  Defendant disagrees, citing statutory exemptions.  DI 10 at 4.

### III.     Plaintiffs' Motion for Conditional Certification

On February 13, 2020, originating plaintiff Nequava Matthews brought the instant motion for conditional certification of an FLSA collective.[2]  Plaintiffs believe that their allegations sufficiently bind together the proposed collective for purposes of conditional certification.  DI 19 at 4, 10-11.  They attach declarations and other documents in support of their motion.  DI 19, Ex. A-G.  Defendant argues that plaintiffs have not shown a similarly situated collective.  DI 33 at 9.  Defendant submits its own declarations in kind.  DI 33, Ex. 1-2.

We heard oral argument by the parties on April 11, 2023.  DI 36.  Plaintiffs' motion is thus ripe for disposition, and for the reasons discussed below, granted in its entirety.

### IV.     ANALYSIS

A. FLSA conditional certification requires only a "modest showing" by the plaintiffs.

Under the FLSA, employees may bring collective actions on behalf of themselves and "other employees similarly situated."  29 U.S.C. § 216(b).  Section 216(b) of the FLSA creates a court supervised "opt-in" framework for collective actions, wherein new members must file their written consent to join as plaintiffs.  *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243

---

[2] Plaintiffs define the proposed collective as "all individuals employed by defendant as [] investigators during any week within the past three years."  DI 19, 20.

(3d Cir. 2013); *Taylor v. Pittsburgh Mercy Health Sys., Inc.*, 2009 WL 1324045, *2 (W.D. Pa. May 11, 2009).[3]

To manage FLSA collective actions, the Third Circuit encourages the "conditional certification" method. *Halle v. West Penn Allegheny Health Sys.*, 842 F.3d 215, 224 (3d Cir. 2016); *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012); *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, 596 U.S. 66 (2013). The conditional certification method is a two-step creature of the courts allowing for provisional certification of a proposed collective for the limited purposes of notifying potential plaintiffs and pre-trial discovery. *Camesi*, 729 F.3d at 243. At the first step, courts conditionally certify a proposed collective upon a threshold showing that it covers employees similarly situated to each other and to the originating plaintiff. *Id.* At the second step — after discovery and with the benefit of a more developed record — courts make a "conclusive determination" as to whether each opt-in plaintiff is similarly situated under a more stringent standard.[4]

A named plaintiff's burden at the first step is "extremely lenient" because the "sole consequence of conditional certification is the dissemination of court-approved notice to potential collective action members." *Halle*, 842 F.3d at 224 (cleaned up); *Gauzza v. Prospect Med. Holdings, Inc.*, 2018 U.S. Dist. LEXIS 184306, *4 (E.D. Pa. Oct. 26, 2018). A plaintiff need make only a "modest showing" that a proposed collective can be provisionally categorized as similarly situated by asserting "some evidence, 'beyond pure speculation,' of a factual nexus

---

[3] This opt-in framework "distinguishes the collective-action mechanism under [the FLSA] from the class-action mechanism under Federal Rule of Civil Procedure 23, where, once the class is certified, those not wishing to be included in the class must affirmatively opt-out." *Camesi*, 729 F.3d at 243.

[4] *Symczyk*, 656 F.3d at 193. This second step is triggered by plaintiffs' motion for "final certification," defendant's motion for "decertification," or both. *Camesi*, 729 F.3d at 243.

between the manner in which the employer's alleged policy affected [them] and the way it affected other employees." *Symczyk*, 656 F.3d at 192 (cleaned up).  For example, employees are similarly situated where they are "subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA."  *Zavala*, 691 F.3d at 538.

B. <u>Plaintiffs show evidence beyond mere speculation that the proposed collective is similarly situated.</u>

Courts "usually" conditionally certify proposed collectives at the first step.  *Shiptoski v. SMG Grp., LLC*, 2018 WL 11484967, *6 (M.D. Pa. Jan. 31, 2018).  We will do so here because plaintiffs have made the requisite "modest showing" that the proposed collective is similarly situated.

First, the documents appended to plaintiffs' motion reflect similarities in investigators' hours, compensation, and tasks performed. *See Moore v. PNC Bank, N.A.*, 2013 WL 2338251, *17-18 (W.D. Pa. May 29, 2013) (employee declarations, depositions, or other supporting documents "bolster" conditional certification by showing that "other similarly situated individuals do exist").  To wit, defendant's written policies and declarations by investigators reflect that:

1. Defendant requires the same educational and experiential qualifications of all investigators.  DI 19-4 at 2.

2. One job description applies to all investigators.  *Id.* at 2.

3. Investigators follow uniform procedures, use uniform "risk assessment tools," and must meet uniform "expectations" during each investigation.  DI 19-6 at 2, 3, 6.

4. Investigators are subject to a common set of workplace rules and disciplinary policies.  DI 19-5.

5. Defendant supervises investigators in a "consistent" manner according to regulations governing their field.  DI 19-7 at 2.

6. Investigators advance through standardized rungs on a "career ladder matrix."  DI 19-5 at 126-27; 159.

7. Investigators attend mandatory orientations, trainings, and in-services.  DI 19-1.

8. Investigators earn between $45,000 and $53,000 per year.  DI 19-4 at 2.

9. It is "common knowledge" that investigators "regularly" work more than 40 hours per week.  DI 19-1; 19-2; 19-3.

Defendant argues that despite the commonalities above, investigators are dissimilar enough to defeat conditional certification because they work in varying specialties and contexts.[5] But it is defendant's own practice to classify *all* investigators as exempt from the FLSA's overtime provisions under a single policy — that is, without regard to any claimed differences between investigators and their specialties.  DI 20 at 10.  This policy undermines defendant's contention that plaintiffs are not similarly situated, and in fact, supports conditional certification. *See Resch v. Krapf's Coaches, Inc.*, 2012 U.S. Dist. LEXIS 89993, *7 (E.D. Pa. June 28, 2012) (conditional certification granted where "in formulating and implementing this uniform exemption policy, [defendant] treats all [covered employees] alike and does not consider any individual characteristics"); *Drummond v. Herr Foods Inc.*, 2015 WL 894329, *8-9 (E.D. Pa. March 2, 2015) (granting conditional certification based on, *inter alia*, "evidence of a uniform policy that renders all [proposed collective members] exempt from receiving overtime pay.").

---

[5] According to defendant, investigators work on different teams and investigate different species of neglect, abuse, or misconduct.  DI 33 at 16-17.  For example, some investigators are "nurse investigator[s]" while others are "financial exploitation specialists."  *Id.* at 17.

Though defendant argues that the proposed collective is "replete with individualized issues," we must "defer questions about whether individualized determinations will predominate and render the case unsuitable for collective action to the second step of the certification process." *Weirbach v. Cellular Connection, LLC*, 478 F. Supp. 3d 544, 548 (E.D. Pa. 2020). With that in mind, we are satisfied with plaintiffs' showing that defendant subjected all investigators, each of whom allegedly worked overtime on a regular basis, to "some common [] practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala*, 691 F.3d at 538. "Right now, there is more than sufficient evidence to conclude that the fate of the [investigators'] FLSA claims will rise or fall together" when the merits thereof are tested. *Drummond*, 2015 WL 894329, at *9.

Because plaintiffs have shown that the proposed collective is similarly situated, at least for purposes of conditional certification, they may notify putative collective members of their right to opt-in, the parties may proceed with discovery, and defendant may challenge final certification on another day.

## V. Conclusion

For the reasons discussed above, plaintiffs' motion for conditional certification of the proposed collective is granted.