IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEQUAVA MATTHEWS | : | CIVIL ACTION |
| | : | |
| v. | : | NO.   22-4632 |
| | : | |
| PHILADELPHIA CORPORATION | : | |
| FOR AGING | : | |

# ORDER

**AND NOW**, this 8th day of June 2023, upon considering defendant's motion to allow *ex parte* interviews (DI 22), plaintiffs' brief in opposition (DI 30), defendant's brief in reply (DI 31), oral argument by the parties on April 11, 2023 (DI 36), and our June 7, 2023 order granting plaintiffs' motion for conditional certification (DI 39), it is **ORDERED** that defendant's motion to allow ex parte interviews (DI 22) is **DENIED as moot** for the following reasons:

1.     Defendant moved to allow *ex parte* communications for the chief purpose of opposing plaintiffs' motion for conditional certification.  DI 22.  Defendant represented at oral argument that if we conditionally certified plaintiffs' proposed collective, it would seek only to conduct *ex parte* interviews of employees who had not opted in to such a collective.

2.     Plaintiffs represented at oral argument that if we conditionally certified their proposed collective, they would not oppose defendant's *ex parte* interviews of employees not party to such a collective, to the extent the interviews satisfied the protective standards set forth in *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981).

3.     Because we granted plaintiffs' motion for conditional certification, no dispute remains with respect to defendant's proposed *ex parte* interviews.  DI 39.  Defendant's motion is therefore **DENIED as moot**.

Further, it is **ORDERED** that the parties shall meet, confer, and file a joint statement

reflecting their positions on any remaining issues pertaining to defendant's proposed *ex parte*

interviews on or before **June 16, 2023**.

/s/ John F. Murphy
**MURPHY, J.**