IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| NEQUAVA MATTHEWS, on behalf of herself and others similarly situated, | : | 2:22-cv-04632-JFM |
| Plaintiff, | : | |
| v. | : | |
| PHILADELPHIA CORPORATION FOR AGING, | : | |
| Defendant. | : | |
| | : | |

**JOINT STATEMENT REGARDING EX PARTE INTERVIEWS**

Plaintiff Nequava Matthews ("Plaintiff") and Defendant Philadelphia Corporation for Aging ("Defendant") hereby submit the following Joint Statement Regarding Ex Parte Interviews. Pursuant to the Court's June 8, 2023 Order (ECF No. 40) on June 16, 2023, the parties met, conferred, and discussed Defendant's request for ex parte interviews of current employees who have not opted-in to the collective action and who are within the potential class.

**Plaintiff's Statement:** Defendant has agreed that it will limit any *ex parte* interviews to Investigators who are currently employed by Defendant and who do *not* opt-in to the collective action pursuant to 29 U.S.C. Sec 216(b) ("*ex parte* interviews"). Plaintiff has no objection to such *ex parte* interviews provided two conditions are met: (i) Defendant will not conduct *ex parte* interviews until the Notice process[1] has concluded; and (ii) Defendant's counsel will agree to work in good-faith with Plaintiff's counsel to see if the parties can reach agreement regarding the language that Defendant's counsel will read to Investigators prior to the start of *ex parte*

---

[1] The Notice process refers to the time period during which putative members of the FLSA collective receive the Court authorized Notice form and have the ability to return a Consent form so that they can join the FLSA collective.

interviews, so that the protective standards set forth in *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) are followed.

**Defendant's Statement:** Defendant does not waive any right with respect to conducting *ex parte* interviews of Investigators who are currently employed by Defendant and who do not opt-in to the collective action. Defendant will comply with the protective standards set forth in *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) and *Lloyd v. Covanta Plymouth Renewable Energy, LLC*, 532 F. Supp. 3d 259 (E.D. Pa. 2021). At present, Defendant does not object to the approach outlined by Plaintiff above, but reserves the right to seek the Court's permission to conduct *ex parte* interviews during the Notice process as discovery progresses.

Dated:  June 16, 2023

**FOR PLAINTIFF:**

/s/ Mark J. Gottesfeld
Peter Winebrake
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
mgottesfeld@winebrakelaw.com

**FOR DEFENDANT:**

/s/ Elisabeth G. Bassani.
Elisabeth G. Bassani
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979 1813
Facsimile:  (215) 689 0855
ebassani@duanemorris.com

Gerald L. Maatman, Jr.
DUANE MORRIS LLP

190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701
gmaatman@duanemorris.com