IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEQUAVA MATTHEWS, on behalf of herself and others similarly situated,<br>　　　　　　　　　　Plaintiff,<br>　　　　v.<br>PHILADELPHIA CORPORATION FOR AGING,<br>　　　　　　　　　　Defendant. | :<br>:<br>:　2:22-cv-04632-JFM<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER**

**AND NOW**, this 1st day of _____April_____, 2025, upon consideration of Plaintiff Nequava Matthews' ("Plaintiff's") "Unopposed Motion for Final Approval of the Class Action Settlement and Other Related Relief" ("Motion") (DI 75), the accompanying "Class and Collective Action Settlement Agreement" ("Agreement") (DI 75-1), the Declaration of Mark J. Gottesfeld (DI 75-2), the Declaration of Nicole Bench (DI 76-1), the presentation of counsel during the March 6, 2025 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

　　　　1.　　　　The Court **CERTIFIES** a settlement class and collective action comprised of all individuals who (i) were employed by Defendant Philadelphia Corporation for Aging ("Defendant") as OAPS Investigators between November 18, 2019 and August 20, 2024 and (ii) have returned consent forms per the procedures endorsed in the Court's preliminary approval order (DI 71). This settlement class/collective includes (i) the 45 individuals identified in the table attached to Nicole Bench's declaration, *see* DI 76-1 at Ex. D, and (ii) any additional individuals who return timely consent forms in an envelope postmarked on or before March 3,

1

2025.[1]  The Court finds that this settlement class/collective (i) satisfies all of the class certification requisites described in Federal Rule of Civil Procedure ("Civil Rule") 23(a) and (b)(3) and (ii) consists of individuals who are "similarly situated" under the factors described in *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536-37 (3d Cir. 2012).

    2.    The Court **APPROVES** the settlement as "fair, reasonable, and adequate" under the criteria described in Civil Rule 23(e)(2).

    3.    The Court **APPROVES** the settlement's release of Fair Labor Standards Act ("FLSA") claims as a "'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'"  *Adams v. Bayview Asset Management, LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

    4.    The Court **APPROVES** the requested $7,500.00 service award payment from the settlement funds to Plaintiff.

    5.    The Court **APPOINTS** Winebrake & Santillo, LLC ("W&S") to serve as class counsel and finds that such appointment is justified under the criteria described in Civil Rule 23(g)(1).

    6.    The Court **APPROVES** the $330,000.00 payment from the settlement fund to W&S as compensation for all combined attorney's fees, litigation costs/expenses, and third-party settlement administration expenses.  The Court finds that the $307,296.99 portion of this payment attributable to W&S's attorney's fees to be reasonable when viewed against W&S's reported fee lodestar of $385,739.00[2] and the various factors described in *Gunter v. Ridgewood*

---

[1] Such individuals must be identified by Plaintiff's counsel via a supplemental notice to be filed with the Court on March 20, 2025.

[2] As described Mark Gottesfeld's declaration, W&S arrives at its lodestar utilizing the hourly rates described in the fee schedule set published by Community Legal Services of Philadelphia. *See* DI 75-2 at ¶¶ 19-23.

*Energy Corp.*, 223 F.3d 190, 195 n. 1 (3d Cir. 2000).

7. Members of the settlement class/collective described in paragraph 1 *supra* are **BARRED** from asserting against Defendant or any other released parties (as described in the Agreement) any claims falling within the release described at Section III.5.b of the Agreement, *see* DI 75-1, and in the consent forms as signed by each of the class members and filed with the Court, *see* DI 76-2, 76-3.

8. This action is **DISMISSED WITH PREJUDICE**, although the Court retains jurisdiction for the limited purpose of enforcing the settlement's terms.

_____
John F. Murphy
United States District Judge